IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.

SHAWN LAUX and HAILEY LAUX,

        Plaintiffs,

and

SHAUN ROBINSON, LUCON GROUP, LTD, and BOND TRANSIT, INC.,

        Defendants.

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Bond Transit, Inc. ("Bond Transit") removes this action from the Boulder County District Court (Case No. 2022CV30365) to the United States District Court for the District of Colorado on the grounds that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Bond Transit states as follows:

### I.   BACKGROUND

1. Plaintiffs initiated this action by filing their Complaint in the Boulder County District Court (Case No. 2022CV30365) on June 2, 2022. True and correct copies of the summons and Complaint, returns of service, and relevant papers filed in the State Court action are being submitted with this Notice, as required per 28 U.S.C. § 1446(a), D.C.COLO.LCivR 81.1, and electronic case filing procedures.

2. Plaintiffs served their summons and Complaint on Bond Transit on June 21, 2022. *See* **Exhibit A**, Complaint, Cover Sheet, and Summons. The Complaint sets forth claims of negligence (hiring, supervision, training, and entrustment), negligent selection of independent contractor, vicarious liability, and loss of consortium as to Plaintiff Hailey Laux against Bond Transit.

3. According to Plaintiffs' Complaint, Plaintiff Shawn Laux was injured during the early hours of December 6, 2021, when a vehicle he was driving collided with a Freightliner tractor-trailer, reportedly owned by Bond Transit, after the tractor-trailer had rolled onto its side and come to rest across several lanes of Interstate 76. *See* Complaint at ¶ 16, 31-45.

4. Plaintiffs are residents of the State of Colorado. Bond Transit is an Illinois corporation based in Alsip, Illinois.

5. Plaintiffs also asserted claims against Defendant Shaun Robinson, the driver of the tractor-trailer and a resident of the State of Texas, and Defendant Lucon Group, Mr. Robinson's reported employer and an Illinois corporation based in Chicago, Illinois. Complaint at ¶ 4-5.

6. Plaintiff Shawn Laux claims entitlement to monetary damages which include economic damages such as lost past wages, future loss of earning capacity, past and future medical expenses, and property damage, non-economic damages in the form of past and future anxiety, stress, physical and emotional pain and suffering, and loss of enjoyment of life, and statutory interest, among others. Complaint at ¶ 149-151. Plaintiff Hailey Laux seeks damages for loss of affection, society, and companionship. *Id*. at ¶ 142.

7. While Plaintiffs' Complaint does not state a specific amount of damages for the above referenced categories of loss, the District Court Civil Cover Sheet filed with the

Complaint asserts that Plaintiffs are seeking monetary damages in excess of $100,000.00 against Bond Transit and the other Defendants, exclusive of attorneys' fees, interest, and costs. *See* **Exhibit A**, Civil Cover Sheet to Complaint at ¶ 2.

8. Under Colorado law, and because Bond Transit was served outside the State of Colorado in the State of Illinois, Bond Transit's response must be filed within 35 days and therefore no later than July 26, 2022. Colo. R. Civ. P. 12(a)(2).

## II. GROUNDS FOR REMOVAL

### A. TIMELINESS OF REMOVAL

9. This Notice of Removal has been filed within 30 days after Bond Transit was served with the Complaint on June 21, 2022. *See* **Exhibit B**, Return of Service. Removal of this action is therefore timely under 28 U.S.C. § 1446(b). *See generally Murphy Bros, Inv. V. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999) ("period for removal will be no less than 30 days from service").

10. Plaintiffs' Complaint asserts claims over which this Court has original jurisdiction. Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, the action filed in the Boulder County District Court may be removed because it arises out of a dispute between citizens and corporations based in different states, with complete diversity between all Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs. *See* **Exhibit A**, Civil Cover Sheet to Complaint at ¶ 2.

### B. COMPLETE DIVERSITY

11. The notice of claim need only plausibly allege and set forth facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only

when the plaintiff challenges diversity or the Court questions it. *Id.*; *accord. Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

12. Plaintiffs are residents of the State of Colorado. Complaint at ¶ 1.

13. Defendant Bond Transit is an Illinois corporation with its principal place of business located in Alsip, Illinois. Complaint at ¶ 6. For diversity purposes, Bond Transit is therefore a citizen of the State of Illinois. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (stating that "[f]or diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located").

14. Defendant Robinson is a resident of the State of Texas. Complaint at ¶ 4.

15. Defendant Lucon Group, LTD, is an Illinois corporation with its principal place of business located in Chicago, Illinois. Complaint at ¶ 5. Accordingly, Lucon Group is considered a citizen of the State of Illinois. *Grynberg*, 805 F.3d at 905.

16. No Defendants are residents of the State of Colorado where the original action was filed and where Plaintiffs reside.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 EXCLUSIVE OF ATTORNEYS' FEES, COSTS, AND INTEREST

17. Per 28 U.S.C. §§ 1332(a) and 1446(c)(2), the removing party must show that the amount in controversy exceeds the minimum of $75,000.00, exclusive of interest and costs. A "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee,* 574 U.S. at 89.

18. It is only where there "it is 'legally certain' that the recovery… will be less than [$75,000.00]" that a case may be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947,

955 (10th Cir. 2008) (*citing to Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

19. While Plaintiffs' Complaint does not directly state the damages they seek to recover, the Civil Cover Sheet, which is required to be filed with any initial complaint, makes clear that the damages sought are in excess of $100,000.00. *See* **Exhibit A**, Civil Cover Sheet to Complaint at ¶ 2. Indeed, this section of the Civil Cover Sheet provides that Plaintiffs are "seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification: By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000." *Id*.

20. Based on this certification made by Plaintiffs' counsel under C.R.C.P. 11, the amount in controversy exceeds $75,000.00, exclusive of attorney fees, interests, and costs. *Id*.

**D. VENUE**

21. Venue is proper in the District of Colorado under 28 U.S.C. §§ 1391(b)(2) and 1441(a) as the events giving rise to Plaintiffs' claims and the lawsuit occurred in the State of Colorado. Complaint at ¶ 12, 28, 41.

**E. CONSENT TO REMOVAL**

22. No return of service has been filed for Defendant Robinson and there is no evidence or other indication that he has been served at this time. As such, Defendant Robinson's consent to removal is not necessary.

23.     Defendant Lucon Group was served on June 23, 2022, but has not answered and no counsel has entered an appearance on behalf of Lucon Group. Prior to filing this Notice of Removal, counsel for Bond Transit spoke with the president of Lucon Group Mr. Kanstantsin Vahznik regarding removal of the action. *See* **Exhibit C**, Illinois Secretary of State Report for Lucon Group (as to ownership of Lucon Group). Mr. Vahznik, who is also a resident of the State of Illinois, stated that Lucon Group was in agreement with removal of this action to the United States District Court for the District of Colorado. Accordingly, the consent requirement contained in 28 U.S.C. § 1446 is satisfied because Lucon Group, as confirmed by its president Mr. Vahznik, is in support of removal.

24.     To the extent that the Court determines written consent from Mr. Vahznik of Lucon Group (as he is not represented by counsel) is needed, counsel for Bond Transit will facilitate and obtain a written confirmation of the previously mentioned verbal consent.

### F. NOTICE OF REMOVAL

25.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice of Removal with the clerk of court for the action in state district court effects the removal of that action. A copy of the filing of this Notice of Removal is being submitted contemporaneously in the state court action.

WHEREFORE, Defendant Bond Transit, Inc., removes this action to the United States District Court for the District of Colorado.

Respectfully submitted this 20th day of July, 2022.

COOMBE CURRY RICH & JARVIS

By: *s/ Leif Distad*

>Jill A. Curry, #36371
>Leif A. O. Distad, #42379
>Coombe Curry Rich & Jarvis
>2000 S. Colorado Blvd.
>Tower II, Suite 1050
>Denver, CO 80264
>Telephone: (303) 572-4200
>Email: curry@ccrjlaw.com
>Email: distad@ccrjlaw.com
>
>*Attorneys for Defendant Bond Transit, Inc.*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on July 20, 2022, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system with notification of the filing to all parties.

>*s/ Briana Croft*

7