| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY<br>STATE OF COLORADO<br>1777 Sixth Street<br>Boulder, CO 80302<br>(303) 441-1776<br><br>——————————————————————<br><br>**Plaintiffs:  SHAUN LAUX and HAILEY LAUX,**<br><br>**v.**<br><br>**Defendants:  SHAUN ROBINSON, individually and in the course and scope of his agency and/or employment with LUCON GROUP, LTD AND BOND TRANSIT, INC.; LUCON GROUP LTD, individually; and BOND TRANSIT, INC., individually.**<br><br>——————————————————————<br>Attorneys for Plaintiff<br>THE LAW OFFICE OF PETER M. ANDERSON<br>Peter M. Anderson, #033067<br>Carlo Bonavita, #44324<br>Jason Sandene, #46095<br>1225 Ken Pratt Blvd., Suite 214<br>Longmont, CO 80501<br>Phone Number: (303) 444 1505<br>Fax Number:   Declined pursuant to C.R.C.P. 5(b)<br>Emails: Peter@attorneyanderson.com<br>            Carlo@attorneyanderson.com<br>            Jason@attorneyanderson.com | DATE FILED: June 2, 2022 3:24 PM<br>FILING ID: D359C80C5E874<br>CASE NUMBER: 2022CV30365<br><br><br><br>• COURT USE ONLY •<br>——————————————<br><br>Case Number: 22CV____<br><br>Division:<br><br>Courtroom: |
| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** | |

COME NOW Plaintiffs, Shaun Laux and Hailey Laux, by and through their attorneys, THE LAW OFFICE OF PETER M. ANDERSON, and for their Complaint and Jury Demand against Defendants, states and alleges as follows:

## I.   **PARTIES**

1.      Plaintiff Shaun Laux is a resident of Colorado and resides at 1287 8th Avenue, Apt. D-232, Brighton, Colorado 80601.

2.      Plaintiff Hailey Laux is a resident of Colorado and resides at 1287 8th Avenue, Apt. D-232, Brighton, Colorado 80601.

3.      At all times material herein, Plaintiff Shawn Laux and Plaintiff Hailey Laux were husband and wife.

4.      Defendant Shaun Robinson (hereinafter "Defendant Robinson"), is a resident of the State of Texas and upon information and belief resides at 13030 Sandhill Park Lane, Houston, Texas 77044.

5.      Defendant Lucon Group LTD (hereinafter "Lucon Group"), is an Illinois corporation with its principal place of business at 2030 S State Street. APT 2004, Chicago, Illinois 60616. Defendant Lucon Group LTD is an inactive interstate common carrier, under D.O.T. Number 1709207.

6.      Defendant Bond Transit, Inc. (hereinafter "Bond Transit"), is an Illinois corporation with its principal place of business at 12161 S Central Ave, Suite 206, Alsip, Illinois, 60803. Defendant Bond Transit, Inc. is an interstate common carrier based in Illinois. Bond Transit is registered with the U.S. Department of Transportation, under D.O.T. Number 2312547, and is registered with an ICC Motor Carrier Number 789460.

## II.      <u>JURISDICTION AND VENUE</u>

7.      Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

8.      Boulder County is a proper venue for this action as all Defendants are non-residents of Colorado.

9.      This Court has subject matter jurisdiction over this matter.

10.     This Court has jurisdiction over Defendant Shaun Robinson because he conducted

business in this State, and committed tortious conduct related to the claims at issue in this State.

11.     This Court has personal jurisdiction over Defendant Lucon Group because it has explicitly offered to submit to the jurisdiction of Colorado courts in relation to the claims at issue, because it conducts substantial business in the State of Colorado, because it availed itself of the privilege of conduction business within the State of Colorado, because it regularly transports and sends cargo from, to, and through the State of Colorado, because it entered into agreements and contracts with other persons and entities to transport cargo through the State of Colorado, because Defendants Robinson and Bond Transit were agents of Lucon Group, and because it and they committed tortious conduct that resulted in injuries in the State of Colorado.

12.     This Court has personal jurisdiction over Defendant Bond Transit because it has explicitly offered to submit to the jurisdiction of Colorado courts in relation to the claims at issue, because it conducts substantial business in the State of Colorado, because it availed itself of the privilege of conduction business within the State of Colorado, because it regularly transports and sends cargo from, to, and through the State of Colorado, because it entered into agreements and contracts with other persons and entities to transport cargo through the State of Colorado, because Defendants Robinson and Lucon Group were agents of Bond Transit, and because it and they committed tortious conduct that resulted in injuries in the State of Colorado.

### III.     **STATEMENT OF FACTS**

13.     Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

14.     At some point prior to December 6, 2021, Defendants Bond Transit and Robinson entered into a transportation agreement whereby Defendant Robinson and Bond Transit would transport freight as directed by and for compensation for a defunct motor carrier, Defendant

Lucon Group.

15.     Upon information and belief at all material times Defendant Robinson was an employee of, or independent contractor for, Defendants Bond Transit and/or Lucon Group.

16.     Upon information and belief Defendant Bond Transit owned and maintained the 2021 Freightliner Cascadia ("Freightliner") tractor and trailer ("Freightliner") Defendant Robinson was operating on December 6, 2021.

17.     Defendant Robinson was operating the Freightliner under Defendant Bond Transit's D.O.T. motor carrier authorization.

18.     Upon information and belief Defendant Lucon Group had lost or given up its D.O.T. motor carrier authorization, previously listed under the now inactive D.O.T. Number 1709207.

19.     Upon information and belief Defendant Lucon Group after losing its status as a motor carrier continued to arrange for the transport or goods and services throughout the United States and through and within the State of Colorado utilizing Defendant Bond Transit and Robinson.

20.     At all material times, Defendant Bond Transit was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III< Subchapter B of Title 49 of the Federal Regulations.

21.     At all material times, Defendant Lucon Group was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III< Subchapter B of Title 49 of the Federal Regulations.

22.     At all material times, Defendant Robinson was a "driver" of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III< Subchapter B of Title 49 of the Federal Regulations.

23.     Section 392.3 of the Federal Motor Carrier Safety Regulations states:

> No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

24.     Section 390.11 of the Federal Motor Carrier Safety Regulations requires that a motor carrier ensure driver regulations are adhered to:

> **Motor carrier to require observance of driver regulations.** Whenever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver the driver shall likewise be bound.

25.     Section 392.7(a) of the Federal Motor Carrier Safety Regulations states in relevant part:

> No commercial motor vehicle shall be driven unless the driver is satisfied that the following parts and accessories are in good working order, nor shall any driver fail to use or make use of such parts and accessories when and as needed: Service brakes, including trailer brake connections… steering mechanism… tires… wheels and rims.

26.     Section 396.7(a) of the Federal Motor Carrier Safety Regulations states that "[a] motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle."

27.     Sections 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations prohibit the use of electronic devices to text or utilize a handheld mobile telephone while operating a commercial motor vehicle.

28.     At approximately 1:42 am on the morning of December 6, 2021, Defendant Robinson was operating Bond Transit's Freightliner traveling westbound on Colorado Highway 76 in Roggen, Colorado.

29.     Defendant Robinson had a passenger, Briana Williams in Bond Transit's Freightliner during all times material herein.

30.     Upon information and belief, at or near mile point 49.4, Defendant Robinson lost control of the Freightliner.

31.     Upon information and belief, at or near mile point 49.4, Defendant Robinson lost control of the Freightliner due to inattention, distraction, fatigue, and/or a malfunction or failure of Bond Transit's Freightliner and/or trailer.

32.     Upon information and belief, the condition of Bond Transit's tractor and/or trailer, including its tires and brakes, caused the commercial motor vehicle to veer off of the roadway.

33.     Upon information and belief, as Bond Transit's Freightliner veered off the right side of the roadway onto the grass bordering the highway where it continued for approximately several hundred feet.

34.     Upon information and belief, Defendant Robinson was unable to timely and adequately respond and when he attempted to regain control of Bond Transit's Freightliner and lost control.

35.     Upon information and belief as it traveled off the roadway, Bond Transit's Freightliner created a thick cloud of dust and debris which obscured visibility on the highway.

36.     Defendant Robinson was fatigued during times material.

37.     Defendant Robinson was distracted during times material.

38.     Upon information and belief Defendant Robinson attempted to travel back onto Highway 76 but overcorrected and again lost control of the Freightliner causing it to jack knife and tip.

39.     The Freightliner as well as the trailer rolled onto the passenger side, and slid across the full width of Highway 76, were it came to a rest blocking all lanes (herein referred to as "incident").

40.     The Freightliner traveling off the roadway created a dust and debris cloud that obscured the full roadway as well as Bond Transit's overturned tractor and trailer.

41.     Shortly after Defendant Robinson rolled the Freightliner, Plaintiff Shawn Laux was also traveling westbound on Highway 76.

42.     Prior to coming upon Defendants overturned Freightliner Plaintiff Shawn Laux had his headlights on as the roadway was dark and there were no streetlights in this section of Highway 76.

43.     Plaintiff Shawn Laux came upon the debris cloud created by the out-of-control Freightliner and slowed as he approached.

44.     Upon entering the dust cloud, Plaintiff Shawn Laux came upon the overturned Freightliner and trailer.

45.     Plaintiff Shawn Laux's vehicle collided with the underside of the overturned trailer and came to a rest (herein referred to as "collision", "crash, or "wreck").

46.     Upon information and belief, mechanical defects along with Defendant Robinson's fatigued and/or distracted driving and inability to properly control his commercial motor vehicle resulted in the tractor and trailer overturning and blocking the highway.

47.     Defendant Robinson was charged with Careless Driving Causing Bodily Injury in

violation of Colorado Revised Statutes section 42-4-1404(2)(b) as a direct result of the collision.

## IV.  <u>FIRST CLAIM FOR RELIEF</u>
### (NEGLIGENCE – DEFENDANT SHAUN ROBINSON)

48.     Plaintiffs incorporate  herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

49.     Defendant Robinson owed Plaintiff a duty to exercise reasonable care in the operation of the Freightliner during times material.

50.     In operating the Freightliner, on said date and time as described above, Defendant Robinson breached his driving duties owed to Plaintiff.

51.     In operating said vehicle, on said date and time as described above, Defendant Robinson drove the Freightliner negligently.

52.     In operating the Freightliner, on said date and time as described above, Defendant Robinson drove his vehicle carelessly.

53.     Defendant Robinson's conduct caused the collision.

54.     Defendant Robinson was 100% responsible for causing the wreck.

55.     Defendant Robinson's driving contributed to the collision

56.     Defendant Robinson is at fault for the wreck.

57.     Upon information and belief, Defendant Robinson was distracted when driving which caused the incident.

58.     Upon information and belief, Defendant Robinson was texting on a cell phone when driving which caused the incident.

59.     Upon information and belief, Defendant Robinson was using a cell phone when driving which caused the incident.

60.     Upon information and belief, Defendant Robinson was fatigued when driving

which caused the incident.

61.     Defendant Robinson's actions were the sole cause of the collision.

62.     Defendant Robinson drove the Freightliner for the benefit of Defendants Lucon Group and/or Bond Transit at the time of the collision.

63.     At the time of the collision Defendant Robinson was an agent or employee of Lucon Group and/or Bond Transit.

64.     At the time of the collision and other times material Defendant Robinson was in the course and scope of his agency or employment with Lucon Group and/or Bond Transit.

65.     Plaintiff's driving conduct did not cause the collision.

66.     Plaintiff's driving conduct did not contribute to the collision.

67.     Plaintiff is in no way at fault for the collision.

68.     Defendant Robinson's conduct was the proximate cause of Plaintiff's injuries, damages, and losses suffered in the collision.

69.     As a result of Defendant Robinson's negligent and/or careless driving, Plaintiff sustained damages, including serious and permanent bodily injuries.

70.     Plaintiff suffered physical impairment, disability and disfigurement as a direct result of the collision.

71.     Plaintiff suffered non-economic injuries as a direct result of the collision.

72.     Plaintiff incurred medical bills, lost wages and suffered other economic losses as a direct result of the collision.

73.     All of Plaintiff's damages are in the past, present and future tense, whether so specifically delineated in each paragraph or not.

74.     Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-

contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiffs pray  for the relief set forth below.

## V.  <u>SECOND CLAIM FOR RELIEF</u>
### (NEGLIGENCE *PER SE* – DEFENDANT SHAUN ROBINSON)

75.     Plaintiffs incorporate  herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

76.     Defendant Robinson's driving on the above-described date and time was in violation of Colorado Revised Statute 42-4-1404(2)(b); and sections 392.3, 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations.

77.     Defendant Robinson's driving on the above-described date and time was in violation of Colorado Revised Statute C.R.S 42-4-1404(2)(b); and sections 392.3, 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations

78.     Defendant Robinson's driving on the above-described date and time was in violation of Colorado Revised Statutes 42-4-1404(2)(b); and sections 392.3, 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations (hereinafter "the statutes").

79.     Defendant Robinson's driving on the above-described date and time constituted careless driving.

80.     Defendant Robinson's driving on the above-described date and time constituted reckless driving.

81.     Defendant Robinson's driving on the above-described date and time constituted fatigued driving.

82.     Defendant Robinson's driving on the above-described date and time constituted distracted driving.

83.     Plaintiff is among the class of persons intended to be protected under the statute

and the regulation and the harms suffered by Plaintiff are the type that are intended to be prevented by these statutes and regulations.

84.     Defendant Robinson's conduct constitutes negligence *per se.*

85.     Defendant Robinson's negligence *per se* conduct was the proximate cause of Plaintiff's injuries.

86.     Defendant Robinson's negligence *per se* conduct was the cause of Plaintiff's injuries damages and losses.

87.     Defendant Robinson's negligence *per se* conduct was the proximate cause of Plaintiff's damages.

88.     Defendant Robinson's negligence per se conduct was the proximate cause of Plaintiff's injuries, damages and losses including economic, non-economic and physical impairment damages.

89.     All damages to Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

90.     Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiffs pray  for the relief set forth below.

### VI.  THIRD CLAIM FOR RELIEF
### (NEGLIGENT HIRING, SUPERVISING, TRAINING AND ENTRUSTMENT
### DEFENDANTS BOND TRANSIT, INC./LUCON GROUP LTD)

91.     Plaintiffs incorporate  herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

92.     At the aforementioned time and place, Defendant Bond Transit owned or leased the Freightliner driven by Defendant Robinson and had the right to control his use of said

vehicle.

93.     Defendant Bond Transit gave the vehicle involved in the collision, a 2021 Freightliner Cascadia tractor and trailer, to Defendant Robinson to use in the course and scope of his employment with Bond Transit and/or Lucon Group.

94.     The 2021 Freightliner Cascadia tractor and trailer involved in the collision is owned and registered to Defendant Bond Transit for the benefit of Bond Transit and/or Lucon Group.

95.     Upon information and belief, Defendant Bond Transit and/or Lucon Group gave permission to Defendant Robinson to utilize the 2021 Freightliner Cascadia tractor and trailer he was operating at the time of the collision.

96.     Defendant Bond Transit and/or Lucon Group's permission included permission to Defendant Robinson to drive the 2021 Freightliner Cascadia tractor and trailer when the collision happened.

97.     Defendant Bond Transit, as the motor carrier and registrant of the 2021 Freightliner Cascadia tractor and trailer, knew that Defendant Robinson was driving on the day in question, had the right to control the vehicle and/or had the right to control the way in which the vehicle was used.

98.     Defendant Bond Transit and/or Lucon Group had a duty to use reasonable care in ensuring that the vehicle would not be used in a manner which would involve an unreasonable risk of physical harm to others.

99.     Upon information and belief, at the aforementioned time and place, Defendant Bond Transit and/or Lucon Group negligently entrusted the 2021 Freightliner Cascadia tractor and trailer to Defendant Robinson.

100.    Upon information and belief, Defendant Robinson was using the 2021 Freightliner Cascadia tractor and trailer, in question with the express consent of the Defendant Bond Transit and/or Lucon Group.

101.    Upon information and belief, Defendant Robinson was an employee or agent of Defendant Bond Transit and/or Lucon Group at the time of the collision.

102.    Upon information and belief, at the time of the collision, Defendant Robinson was performing a task for Defendant Bond Transit and/or Lucon Group's benefit.

103.    Upon information and belief, Defendant Robinson was an agent and/or employee of Defendant Bond Transit and/or Lucon Group at the time of the collision.

104.    Upon information and belief, Defendant Bond Transit and/or Lucon Group negligently entrusted its 2021 Freightliner Cascadia tractor and trailer to Defendant Robinson and negligently failed to supervise his use of said vehicle.

105.    Upon information and belief, as a direct, foreseeable, and proximate result of Defendant Bond Transit and/or Lucon Group's act of negligent entrustment, Plaintiff has suffered and will suffer injuries, losses and damages.

106.    Upon information and belief, Defendant Bond Transit and/or Lucon Group were negligent in the hiring, supervision and/or retention of Defendant Robinson.

107.    Upon information and belief, Defendant Bond Transit and/or Lucon Group failed to properly train, educate and monitor Defendant Robinson's driving at all times during Defendant Robinson's employment, including but not limited to his hours of service and/or fatigued driving.

108.    Upon information and belief, Defendant Bond Transit and/or Lucon Group failed to reasonably investigate Defendant Robinson's ability to drive safely, including but not limited

to his ability to safely recover control of a tractor and trailer under such circumstances as which led to the subject crash.

109.   Upon information and belief, Defendant Bond Transit and/or Lucon Group failed to provide education and training to ensure Defendant Robinson was a safe driver, including but not limited to managing hours of service, distracted driving, fatigued driving, and/or recovery of control of a tractor and trailer under such circumstances as which led to the collision.

110.   Upon information and belief, Defendant Bond Transit and/or Lucon Group's negligence included, but is not limited to, its failure to investigate the skills and habits of Defendant Robinson, and/or its failure to properly supervise or monitor his hours of service, fatigued driving, and other conduct and, particularly the driving of Defendant Robinson and/or its retention of the services of Defendant Robinson when it knew or should have known that said retention would create an undue risk of harm to others.

111.   As a direct and proximate result of Defendant Bond Transit and/or Lucon Group's failure to investigate, supervise, hire Defendant Robinson and its negligent retention of Defendant Robinson, Plaintiff has sustained damages, injuries and losses.

112.   As a direct and proximate result of Defendant Bond Transit and/or Lucon Group's act of negligent entrustment, supervision, and employee training, the Plaintiff sustained economic, non-economic and physical impairment damages, injuries and losses.

113.   As a direct and proximate result of Defendant Bond Transit and/or Lucon Group's breach of its duty to use reasonable care in the investigation, hiring, training, supervising, monitoring its drivers, including Defendant Robinson, Plaintiff suffered injuries, damages and losses.

114.   As a direct, foreseeable, and proximate result of Defendant Bond Transit and/or

Lucon Group's conduct, including but not limited to the negligent hiring, supervision and/or retention of Defendant Robinson, Plaintiff has suffered and will suffer injuries, damages and losses.

115.    All damages to Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

116.    Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiffs pray  for the relief set forth below.

## VII.  FOURTH CLAIM FOR RELIEF
### (NEGLIGENT SELECTION OF INDEPENDENT CONTRACTOR DEFENDANTS LUCON GROUP LTD AND BOND TRANSIT)

117.    Plaintiffs incorporate  herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

118.    Upon information and belief, at all times material hereto Defendant Bond Transit and/or Defendant Robinson were agents/contractors of Defendant Lucon Group and were acting within the course and scope of their contract at the time of the collision.

119.    Defendant Lucon Group had a duty to choose a competent independent contractor.

120.    Defendant Lucon Group failed to conduct proper investigation into Defendant Bond Transit and/or Defendant Robinson's fitness and ability to operate safely thereby selecting an incompetent independent contractor.

121.    Upon information and belief, Defendant Bond Transit and/or Defendant Robinson were agents, independent contractors, and/or employees of Defendant Lucon Group at the time of the collision.

122.    During times material, Defendant Lucon Group had a duty to use reasonable care in ensuring that Defendant Bond Transit would select and/or employ drivers and other technicians, including Defendant Robinson, that would not provide services in a manner which would involve an unreasonable risk of physical harm to others.

123.    Defendant Lucon Group is liable to Plaintiff as a result of Defendant Bond Transit and/or Defendant Robinson's negligence because it was negligent in selecting a careless or incompetent company with whom to contract.

124.    Defendant Lucon Group is bound by the actions and/or omission of Defendant Bond Transit and/or Defendant Robinson and Defendant Lucon Group is liable to Plaintiff for his damages on the basis of its negligence in selecting Defendant Bond Transit and/or Defendant Robinson.

125.    As a direct, immediate and proximate result of the negligent selection of Defendant Bond Transit and/or Defendant Robinson, Plaintiff suffered injuries, damages and losses.

126.    All damages to Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

127.    Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiffs pray  for the relief set forth below.

## VIII.  FIFTH CLAIM FOR RELIEF
### (VICARIOUS LIABILITY – DEFENDANT BOND TRANSIT, INC.)

128.    Plaintiffs incorporate  herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

129.    At all times material hereto, Defendant Robinson was an agent or employee of

Defendant Bond Transit and was acting within the course and scope of his agency or employment at the time of the crash.

130.    The acts or omissions of Defendant Robinson are in law the acts or omissions of the Defendant Bond Transit.

131.    As a direct, immediate and proximate result of the acts of Defendant Bond Transit's agency or employment, Defendant Robinson, Plaintiff has been damaged.

132.    All damages to Plaintiffs are in the past, present and future whether so specifically delineated in each paragraph or not.

133.    Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiffs pray  for the relief set forth below.

## IX.  SIXTH CLAIM FOR RELIEF
### (VICARIOUS LIABILITY  - LUCON GROUP LTD)

134.    Plaintiffs incorporate  herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

135.    At all times material hereto, Defendants Bond Transit and Defendant Robinson were agents or employees of Defendant Lucon Group and were acting within the course and scope of their agency or employment at the time of the crash.

136.    The acts or omissions of Defendants Bond Transit and Defendant Robinson are in law the acts or omissions of the Defendant Lucon Group.

137.    As a direct, immediate and proximate result of the acts of Defendant Lucon Group's agency or employment of Defendants Bond Transit and Robinson, Plaintiff has been damaged.

138.    All damages to Plaintiffs are in the past, present and future whether so specifically

delineated in each paragraph or not.

139.    Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiffs pray  for the relief set forth below.

## X. SEVENTH CLAIM FOR RELIEF
### (LOSS OF CONSORTIUM – ALL DEFENDANTS)

140.    Plaintiffs incorporate  herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

141.    Plaintiff Hailey Laux claims damages for all loss of consortium damages resulting from Defendants' negligence causing injury to Plaintiff Shawn Laux.

142.    Plaintiff Hailey Laux seeks noneconomic and economic damages, including but not limited to damages in the form of loss of affection, society, companionship, aid and comfort of Plaintiff Shawn Laux, loss of household services Plaintiff Shawn Laux would have performed and any resulting expenses which Plaintiff Hailey Laux has had or which Plaintiff Hailey Laux will have in the future, caused by the negligence, including but not limited to negligent entrustment, hiring, training, supervising and retaining by Defendants Lucon and Bond, and amount to negligence *per se* of Defendants.

143.    Plaintiff Shawn Laux was injured because of the defendants' negligence, including but not limited to negligent entrustment, hiring, training, supervising, and retaining by Defendants Bond and Lucon, and their conduct amounts to negligence *per se* of Defendants.

144.    Plaintiff Shawn Laux and Plaintiff Hailey Laux were married at the time Plaintiff Shawn Laux was injured.

145.    As a result of such injuries to Plaintiff Shawn Laux, Plaintiff Hailey Laux has a loss of her rights of consortium.

146.     All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

147.     Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiffs pray  for the relief set forth below.

## XI. **DAMAGES**

148.     Plaintiffs incorporate  herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

149.     As a direct, foreseeable and proximate result of the negligence and negligence per se of Defendants, Plaintiff has suffered and will suffer economic, non-economic and physical impairment damages, injuries, and losses.

150.     As a direct, foreseeable and proximate result of the negligence and negligence per se of Defendants, Plaintiff has suffered and will suffer economic losses including but not limited to lost past wages, future loss of earning capacity, past and future medical and rehabilitative expenses, property damage, interest, and all filing fees.

151.     As a direct, foreseeable and proximate result of the negligence and negligence per se of Defendants, Plaintiff has suffered and will suffer non-economic losses consisting of past and future anxiety, stress, physical and emotional pain and suffering and loss of enjoyment of life, loss of independence, anger, frustration, and inconvenience.

152.     In the event the defense denies liability in its Answer, or any other baseless legal pleadings filed herein, Plaintiff provides advance notice that it will request C.R.C.P. § 11 and 12 sanctions for the filing of a baseless pleading; this notice is provided as a courtesy in light of the clear and undisputed facts in this matter regarding the happening of this occurrence.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

**WHEREFORE,** Plaintiffs Shaun Laux and Hailey Laux requests monetary damages in an amount to fairly and justly compensate them for their injuries, impairments, losses and damages, as determined from the evidence at trial; plus statutory interest from the date this cause of action accrued, or as otherwise allowed by Colorado law;  property damage; property loss of value; mileage; interest; court costs; expert witness fees;   deposition expenses; mediation fees, past and future health care, pre-trial meetings with physicians and experts, medication & medical costs, rehabilitation expenses, and attorneys' fees if applicable;   and for such other and further relief as the Court may deem just and proper.

DATED this 2nd day of June 2022

Respectfully submitted,

THE LAW OFFICE OF PETER M. ANDERSON

By: /s/ *Carlo Bonavita, Esq.*
Peter M. Anderson, #033067
Carlo Bonavita, #44324
Jason Sandene, #46095
*ATTORNEYS FOR PLAINTIFF*

Plaintiffs' address:
1287 8th Avenue, Apt. D-232
Brighton, Colorado 80601

DISTRICT COURT, BOULDER COUNTY
STATE OF COLORADO

1777 Sixth Street
Boulder, CO 80302
(303) 441-1776

DATE FILED: June 2, 2022 3:24 PM
FILING ID: D359C80C5E874
CASE NUMBER: 2022CV30365

_____

**Plaintiffs:  SHAUN LAUX and HAILEY LAUX,**

**v.**

**Defendants:  SHAUN ROBINSON, individually and in the**
**course and scope of his agency and/or**
**employment with LUCON GROUP, LTD AND**
**BOND TRANSIT, INC.; LUCON GROUP**
**LTD, individually; and BOND TRANSIT,**
**INC., individually.**

_____

Attorneys for Plaintiff:
THE LAW OFFICE OF PETER M. ANDERSON
Peter M. Anderson, #033067
Carlo Bonavita, #44324
Jason Sandene, #46095
1225 Ken Pratt Blvd., Suite 214
Longmont, CO 80501
Phone Number: (303) 444 1505
Fax Number:   Declined pursuant to C.R.C.P. 5(b)
Emails: Peter@attorneyanderson.com
            Carlo@attorneyanderson.com
            Jason@attorneyanderson.com

• COURT USE ONLY •

_____

Case Number: 22-CV-

Division:

Courtroom:

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF**
**COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**
**AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

☐   This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☒   This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

> By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐   Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.   ☒   This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date:**  June 2, 2022

*/s/ Carlo F. Bonavita, Esq.*
Peter M. Anderson, #33067
Carlo F. Bonavita, #44324
Jason Sandene, #46095
*ATTORNEYS FOR PLAINTIFF*

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| DISTRICT COURT, BOULDER COUNTY<br>STATE OF COLORADO<br>1777 Sixth Street<br>Boulder, CO 80302<br>(303) 441-1776 | DATE FILED: June 2, 2022 3:24 PM<br>FILING ID: D359C80C5E874<br>CASE NUMBER: 2022CV30365 |
|---|---|
| **Plaintiffs:  SHAUN LAUX and HAILEY LAUX,**<br><br>**v.**<br><br>**Defendants:  SHAUN ROBINSON, individually and in the course and scope of his agency and/or employment with LUCON GROUP, LTD AND BOND TRANSIT, INC.; LUCON GROUP LTD, individually; and BOND TRANSIT, INC., individually.** | **• COURT USE ONLY •** |
| Attorneys for Plaintiff<br>THE LAW OFFICE OF PETER M. ANDERSON<br>Peter M. Anderson, #033067<br>Carlo Bonavita, #44324<br>Jason Sandene, #46095<br>1225 Ken Pratt Blvd., Suite 214<br>Longmont, CO 80501<br>Phone Number: (303) 444 1505<br>Fax Number:   Declined pursuant to C.R.C.P. 5(b)<br>Emails: Peter@attorneyanderson.com<br>Carlo@attorneyanderson.com<br>Jason@attorneyanderson.com | Case Number: 21CV<br><br>Division:<br><br>Courtroom: |

### DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:  Bond Transit**
**c/o Liutauras Simkevicius, Registered Agent**
**12161 S. Central Ave., #206**
**Alsip, IL 60803**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

Also served with this Summons:  Complaint and Jury Demand, as well as any Court Orders.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated this 2nd day of June, 2022.

By:     */s/ Peter M. Anderson*
Peter M. Anderson, #33067
Carlo F. Bonavita, #44324
Jason Sandene, #46095
Attorneys for Plaintiff

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:**  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.